```
        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND
                                      :
IMPACTOFFICE LLC
                                      :
    v.                                :   Civil Action No. DKC 16-1675
                                      :
JAMES HARD, et al.
                                      :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion for sanctions filed by Defendants James Hard and Melissa Edwards ("Defendants"). (ECF No. 31). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for sanctions will be denied.

**I.  Background**

On May 26, 2016, Plaintiff ImpactOffice LLC ("Plaintiff" or "Impact") filed this breach of contract case in state court, alleging that Defendants, Plaintiff's former employees, breached the non-solicitation and non-compete provisions of their employment agreements by working for W.B. Mason Co., Inc., Plaintiff's competitor. (ECF No. 2). Defendants removed the case to the United States District Court for the District of Maryland the following day. (ECF No. 1).

This case was litigated for approximately two months before it was voluntarily dismissed. After its motion for a temporary restraining order or preliminary injunction was denied (ECF Nos. 16; 23), Plaintiff filed an amended complaint on June 27 (ECF No. 25). On June 28, Defendants filed a motion to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 26). Plaintiff responded in opposition (ECF No. 27), and Defendants replied on July 29 (ECF No. 28). On August 2, 2016, Plaintiff filed a notice of voluntary dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i). (ECF No. 29). As no answer to the original or amended complaint or motion for summary judgment had been filed, the notice was approved, and Plaintiff's case was closed.[1] (ECF No. 30). On August 16, 2016, Defendants filed the instant motion for sanctions, seeking costs and fees pursuant to 28 U.S.C. § 1927 or the inherent power of the court to impose sanctions. (ECF No. 31). The court invited Plaintiff to respond to Defendants' motion, *see* Local Rule 105.8, and Plaintiff filed a response in opposition (ECF No. 33). Defendants replied. (ECF No. 35).

Both Plaintiff and Defendants argue that the parties' actions must be considered in light of related litigation.

---

[1] Although Plaintiff has voluntarily dismissed this case without prejudice, the court retains jurisdiction to resolve the issue of sanctions. *See, e.g.*, *Cooter & Gell. v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).

Impact moved to consolidate this case with two others: *ImpactOffice LLC et al. v. W.B. Mason Co., Inc., et al.*, No. DKC-16-1814 (D.Md.), and *Chapman et al. v. ImpactOffice LLC*, No. TDC-16-1851 (D.Md.). Motion to Consolidate Cases, *W.B. Mason*, No. DKC-16-1814 (D.Md. June 10, 2016), ECF No. 17. Impact also voluntarily dismissed *W.B. Mason* on August 2, before the motion to consolidate was decided. Notice of Voluntary Dismissal, *W.B. Mason*, No. DKC-16-1814 (D.Md. Aug. 2, 2016), ECF No. 47. Also pending are *ImpactOffice LLC v. Siniavsky*, No. TDC-15-3481 (D.Md.), *Paul v. ImpactOffice, LLC*, No. DKC-16-2686 (D.Md.), and at least one state court case related to these issues. Plaintiff's counsel also represented Impact in *W.B. Mason*, and the Defendants here and the defendants in *W.B. Mason* were represented by the same attorneys. Although the cases were not consolidated, Defendants in this case and in *W.B. Mason* filed nearly identical motions for sanctions on August 16, and Impact filed nearly identical oppositions. Moreover, on August 3, the day after Plaintiff's notice of voluntary dismissal, Defendants Hard and Edwards, together with *W.B. Mason* defendants Daniel Chamberlin and Angela Dunham, filed a complaint against Plaintiff, seeking declaratory judgment on the issues raised in the instant case. Complaint, *Hard et al. v. ImpactOffice LLC et al.*, No. TDC-16-2751 (D.Md. Aug. 3, 2016), ECF No. 1. On August 8, another former Impact employee filed a lawsuit against

3

Plaintiff, Complaint, *Levin v. ImpactOffice LLC et al.*, No. DKC-16-2790 (D.Md. Aug. 8, 2016), ECF No. 1; two days later, Defendants Hard and Edwards, Mr. Chamberlin, and Ms. Dunham voluntarily dismissed their suit and joined *Levin* as plaintiffs, Amended Complaint, *Levin*, No. DKC-16-2790 (D.Md. Aug. 10, 2016), ECF No. 3.

**II. Standard of Review**

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 was intended to sanction conduct Rule 11 does not reach; *i.e.,* protracting or multiplying the litigation to run up the opposing party's costs, remedied by awarding *excess* attorneys' fees and costs." *Bakker v. Grutman,* 942 F.2d 236, 242 (4th Cir. 1991). The § 1927 inquiry "focuses on the conduct of the litigation and not on its merits." *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999) (noting that "an attorney who files a meritorious claim and wins a substantial verdict may still be assessed sanctions under § 1927"). The imposition of sanctions under § 1927 requires a finding of bad faith on the part of the attorney. *EEOC v. Great Steaks, Inc.*, 667 F.3d 510, 522 (4th Cir. 2012); *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991). Bad faith

4

may be found when, for example, "the attorney's actions are so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay," *Griffin Whitaker, LLC v. Torres*, No. DKC 10-0725, 2010 WL 3895384, at *5 (D.Md. Oct. 1, 2010) (quoting *Dobkin v. Johns Hopkins Univ.*, Civ. No. HAR 93-2228, 1995 WL 167802, at *2 (D.Md. Mar. 24, 1995)), or when "duplicative or unnecessary filings" are made, *Hunt v. Lee*, 166 F.App'x 669, 671 (4th Cir. 2006).

Alternatively, Defendants seek sanctions pursuant to the inherent power of the federal courts to sanction bad faith litigants. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991) (noting that courts may impose sanctions where "a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons'" (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975))); *Roadway Express, Inc. v. Piper,* 447 U.S. 752 (1980). Unlike sanctions pursuant to § 1927, which may only be imposed on counsel, the court may impose such sanctions on a party or counsel. *See Blue v. U.S. Dep't of Army*, 914 F.2d 525, 533 (4th Cir. 1990). An award under the court's inherent power also requires a finding of bad faith. *See Roadway Express, Inc.*, 447 U.S. at 766-67; *Hutto v. Finney*, 437 U.S. 678, 690 n.14 (1978) ("An equity court has the unquestioned power to award attorney's fees against a

5

party who shows bad faith by delaying or disrupting the litigation[.]"); *Brubaker*, 943 F.2d at 1382. Sanctions are to be imposed sparingly. *See, e.g.*, *Jacobs v. Venali, Inc.*, 596 F.Supp.2d 906, 914 n.10 (D.Md. 2009).

**III. Analysis**

Defendants hypothesize that Plaintiff's actions throughout this litigation were intended to delay the adjudication of the merits of its restrictive covenants in order to facilitate the July sale of the company. (ECF No. 31-1, at 13-14). Defendants argue that sanctions are warranted because Plaintiff promptly brought the case and "[u]se[d] the [l]itigation to its [s]trategic [a]dvantage" (*id.* at 3); continued to litigate following the denial of a temporary restraining order (*id.* at 5-7, 14); "strategically timed" the notice of dismissal to cause delay (*id.* at 7-8, 12-14), and filed "contradictory" motions to consolidate in other cases (*id.* at 8-9, 14). Defendants further argue that Plaintiff's actions following the dismissal of this case evince bad faith. (*Id.* at 14).

The conduct of Plaintiff and Plaintiff's attorneys does not meet the standard of bad faith necessary to support sanctions under § 1927 or the inherent authority of the court. Taking Defendants' arguments in turn, they first allege that Plaintiff improperly "rushed" into state court to file the complaint and to "immediately seek a temporary restraining order." (*Id.* at

6

3). The timely filing of a complaint clearly does not merit sanctions. The crux of Defendants' argument appears to be that Plaintiff improperly filed piecemeal litigation, but each of the pending cases — half of which were filed by former Impact employees, not by Plaintiff — involved different defendants who resigned from Impact at different times. Moreover, Plaintiff promptly moved to consolidate the cases once they were removed to federal court.

Defendants next suggest that sanctions are warranted because Plaintiff "repeatedly voiced its intent to continue to pursue the litigation" following the denial of its motion for a temporary restraining order. (*Id.* at 5-7).[2] While the likelihood of success on the merits is one of the factors considered on such a motion, a denial of a temporary restraining order is not a decision on the merits. The court did note, "some of the provisions in these agreements . . . cause me to question whether they are overbroad," and described the non-

---

[2] Defendants cite an internal email to Plaintiff's employees regarding the status of the litigation, which noted that the temporary restraining order had been denied but that a ruling had not yet been made on the enforceability of the agreements, and expressed that Plaintiff would "continue to take all steps necessary to enforce our agreements." (ECF No. 31-1, at 7). Defendants also object to a "false and misleading" internal memo Plaintiff circulated to its employees regarding this case. (*Id.* at 4). Plaintiff's internal communications with its employees do not show that its counsel unreasonably protracted or multiplied the proceedings in this case or that Plaintiff acted in bad faith.

compete clauses as "problematic," (ECF No. 31-4, at 15), but the court also found that Plaintiff had not shown that money damages would be insufficient in denying the motion (*id.* at 16). The decision to continue to pursue a case following the denial of injunctive relief cannot, standing alone, be construed as a necessarily bad faith attempt to multiply the proceedings.

Four days after Defendants filed their reply in support of their motion to dismiss, Plaintiff filed a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i), which allows a plaintiff to "dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" (ECF No. 29). Defendants characterize this action as "strategically timed" in "a concerted effort by Impact to delay the Court's rulings," and object to the dismissal given the two months spent in litigation and the lack of a "warning." (ECF No. 31-1, at 7-8). Defendants further argue that the dismissal did not comport with the intention of the rule, "to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." (*Id.* at 13 (quoting *Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir. 1971))). In *Armstrong*, the plaintiff's notice of voluntary dismissal of his amended complaint was vacated because an answer

had been served and a motion for summary judgment had been filed, heard, and adjudicated regarding the plaintiff's original complaint. *Armstrong*, 453 F.2d at 915-16. Here, however, it is uncontested that Defendants had not yet served an answer or a motion for summary judgment to the original or amended complaint. The litigation in this case proceeded for only two months; the case was not dismissed shortly before trial, *see Shank v. Eagle Techs., Inc.*, No. CIV.A. RWT-10-2231, 2013 WL 4442033, at *1, 12-14 (D.Md. Aug. 15, 2013), *R. & R. adopted by* No. CIV.A. RWT 10-2231, 2013 WL 5487865 (D.Md. Sept. 30, 2013) (recommending sanctions where stipulations of dismissal were filed one and two days before first day of jury trial and other actions of counsel warranted sanctions), or after a summary judgment hearing, *see Harris v. Bank of Delmarva*, No. MJG-13-2999, 2015 WL 847389, at *3 (D.Md. Feb. 25, 2015), as in the cases on which Defendants rely (ECF No. 31-1, at 13). Defendants' objection essentially appears to be to the Rules themselves, which plainly permit Plaintiff's action.[3]

---

[3] Moreover, Fed.R.Civ.P. 41(a) permits a plaintiff to dismiss an action at this stage "without prejudice." Thereafter, a plaintiff who subsequently files an action based on or including the same claim against the same defendant may be ordered to pay the costs of the previous action under Fed.R.Civ.P. 41(d). The rule, then, contemplates that in the normal case the costs of a voluntarily dismissed action may be awarded, but only if a plaintiff files the same claim again. Costs as a sanction for dismissal arise only if a new action is

9

Plaintiff's timely filings provide no evidence that Plaintiff or its counsel acted in bad faith to protract the proceedings.[4]

Defendants further argue that the voluntary dismissal itself makes it "apparent" that the "entire proceeding was entirely duplicative and unnecessary." (ECF No. 31-1, at 12). Such a holding would expose the attorneys of any plaintiff who voluntarily dismissed its action to sanctions. A violation of the Rules may not be necessary for § 1927 sanctions, but neither should the action of a party that is expressly permitted by the Rules be the sole basis for the imposition of sanctions on counsel. Defendants' argument would put attorneys in the impossible position of being subject to sanctions if their clients chose to withdraw their case after counsel had "pursued

---

filed by the same party. Here, it is Defendants, not Plaintiff, who have filed a new action including the same issues.

[4] Defendants also suggest that Plaintiff sought to delay the proceedings by filing a motion to consolidate in *Chapman* while the motion to consolidate in *W.B. Mason* was pending. (ECF No. 31-1, at 14). United States District Judge Theodore D. Chuang ordered that "ImpactOffice LLC is directed to file the Motion to Consolidate described in the Pre-Motion Conference by **July 19, 2016**." Order, *Chapman*, No. TDC-16-1851 (D.Md. July 19, 2016), ECF No. 27. Plaintiff accordingly filed a motion to consolidate in *Chapman*. Motion to Consolidate Cases, *Chapman*, No. TDC-16-1851 (D.Md. July 19, 2016), ECF No. 28. Defendants aver that this order was issued "not because [Judge Chuang] was directing the parties to file the motions, but because the schedule he was ordering was what was discussed and agreed upon during the conference." (ECF No. 35, at 5). Regardless, Impact's counsel's compliance with the plain text of a court order in a different case cannot merit § 1927 sanctions.

10

the matter actively" (ECF No. 35, at 4), as of course they are ethically required to do.

Finally, Defendants cite an internal email Plaintiff sent to its employees on August 3, the day after the voluntary dismissal, that stated, "we will continue to take every step to enforce our agreements[.]" (ECF No. 31-5, at 2). Defendants argue that this email is inconsistent with the voluntary dismissal and merits § 1927 sanctions. (ECF No. 31-1, at 12). It is illogical to contend that this internal document multiplied the proceedings in the closed case, however, and the email does not show that counsel or Plaintiff acted in bad faith. Defendants filed suit against Plaintiff on August 3, and Plaintiff was already involved in other pending suits related to the same covenants. The email, then, may suggest that Plaintiff was prepared to defend against the newly filed suit and intended to continue to pursue or defend against the other pending matters, but it does not show that Plaintiff or counsel acted in bad faith here.

Accordingly, there is no basis for finding that Plaintiff's counsel unreasonably and vexatiously multiplied the proceedings or acted in bad faith, and Defendants' motion for sanctions pursuant to § 1927 will be denied. Given the high standard required and the lack of evidence that Plaintiff or counsel

11

acted in bad faith, the court will also exercise its discretion not to award sanctions at this time.

Plaintiff has requested an award of fees and costs in connection with the expense of opposing Defendants' motion for sanctions, pursuant to Local Rule 105.8. (ECF No. 33, at 34). The local rule provides that courts "will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions." Local Rule 105.8(a). Although Defendants' motion will be denied, it would not be appropriate to award sanctions to Plaintiff here, and Plaintiff's request will be denied.

**IV. Conclusion**

For the foregoing reasons, the motion for sanctions filed by Defendants James Hard and Melissa Edwards will be denied. A separate order will follow.

                                                    /s/
                              DEBORAH K. CHASANOW
                              United States District Judge